**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EDDIE L. JONES, ) | CASE NO. 5:08-cv-01479 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MAGGIE BEIGHTLER, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Eddie L. Jones ("Jones"), challenges the constitutionality of his conviction in the case of *State v. Jones*, Summit County Court of Common Pleas Case No. CR2003-09-2635. Jones, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 19, 2008. On November 26, 2008, Warden Maggie Beightler ("Respondent") filed her Answer/Return of Writ. (Doc. No. 6.) Jones filed a Traverse on December 29, 2008. (Doc. No. 7.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Jones's petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Jones's conviction as follows:

> In the present case, Defendant was convicted of first degree rape, a sexually oriented offense. R.C. 2950.01(D)(1)(a). Defendant had approached the victim on New Year's Eve 2002 at the Super 8 Motel she worked at. Defendant had been staying in the motel along with his girlfriend, her father and her two children. While the victim was setting out cups in the lobby, Defendant grabbed her hands and told her "that he wanted to make love with [her], eat [her] out," and "a few other choice things." He told her that he wanted to do these things to her in the hotel office. Later the same night, Defendant appeared behind the victim and grabbed her shoulders. Victim told her supervisor and Defendant's girlfriend about the incident and, by January 3, Defendant had moved out of the Super 8.
>
> On January 19, Defendant, wearing a ski mask, again approached the victim while she was setting up breakfast. He grabbed her from the back of the neck, and pushed her towards the cash register. He took her behind the counter and told her to kneel down. She said that she felt something pressing into her back. She knew that it was not a knife, but was not sure if it was a gun. He made her open the cash register, and he took money from it. Defendant tried to get into the hotel safe, but was unsuccessful. Then Defendant pushed the victim into the hotel office and pushed her into a chair. Defendant pulled off some of the victim's clothes. He performed oral sex on her, sucked her right breast, put his fingers inside of her and tried to put his penis inside of her, but was not able to. The victim testified that he reeked of alcohol. Defendant got up and left. He told her "you know you wanted this." Then Defendant told the victim not to leave the office. He went out and slammed the door to the office, leaving her there.

*State v. Jones*, 2004-Ohio-6079 at ¶¶7-8, 2004 Ohio App. LEXIS 5536 (Ohio Ct. App., Nov. 17, 2004).

## II. Procedural History

**A.  Conviction**

On September 11, 2003, the Summit County Grand Jury charged Jones with one count of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(2), together with a firearm specification, one count of kidnapping in violation of O.R.C. § 2905.01(A)(4), together with a firearm specification, one count of aggravated robbery in violation of O.R.C. § 2911.02(A)(1), together with a firearm specification, and one count of robbery in violation of O.R.C. § 2911.02(A)(2), together with a firearm specification. (Doc. No. 6, Exh. 1.) On December 23,

2003, a supplemental indictment charged Jones with one count of having a weapon while under disability in violation of O.R.C. § 2923.13(A)(2)&(3).  (Doc. No. 6, Exh. 2.)  On January 7, 2004, a jury found Jones guilty of rape, kidnapping, and robbery, but not guilty of all other charges, including the firearm specifications.  (Doc. No. 6, Exh. 5.)  On January 9, 2004, the trial court sentenced Jones to a term of ten years incarceration for rape, ten years incarceration for kidnapping, and eight years incarceration for robbery.  (Doc. No. 6, Exh. 6.)  The sentences for rape and kidnapping were to be served concurrently but consecutive to the sentence for robbery, resulting in an aggregate term of eighteen years.  *Id*.

**B.  Direct Appeal**

On February 11, 2004, Jones, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District ("state appellate court").  He raised the following assignments of error:

1. The trial court erred in imposing maximum sentences on all counts without making a finding of any of the required factors set forth in R.C. 2929.14(C), and in imposing maximum sentences without giving its reasons for doing so on the record.

2. The trial court erred in finding appellant to be a sexual predator.

(Doc. No. 6, Exh. 8.)

On November 17, 2004, the state appellate court sustained the first assignment of error, overruled the second, and remanded the case for resentencing.  *Jones*, 2004-Ohio-6079 at ¶14.

**C.  Resentencing**

On December 17, 2004, a resentencing hearing was held.  (Doc. No. 6, Exh. 11.)  The trial court sentenced Jones to the same term of incarceration, this time making the requisite statutory findings pursuant to O.R.C. §§ 2929.12(B) and 2929.14(C).  *Id*.  The court also

-3-

reaffirmed that Jones was a sexual predator as determined at his previous sentencing hearing. *Id*.

On January 18, 2005, Jones, through counsel, filed a Notice of Appeal from his resentencing. (Doc. No. 6, Exh. 12.) He raised the following sole assignment of error:

> The trial court erred in imposing maximum and consecutive sentences since Ohio's sentencing statutes allow such sentences to be imposed based solely upon the trial court's findings of fact, in violation of appellant's constitutional right to a jury trial on all factual issues.

(Doc. No. 6, Exh. 13.)

On September 7, 2005, the state appellate court affirmed the judgment of the trial court, finding that *Blakely v. Washington*, 542 U.S. 296 (2004) was "inapplicable to Ohio's sentencing scheme." *State v. Jones*, 2005-Ohio-4664 ¶¶4-6, 2005 Ohio App. LEXIS 4210 (Ohio Ct. App., Sept. 7, 2005).

Jones, through the Ohio Public Defender's office, filed a timely Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 6, Exh. 16.) Jones raised the following proposition of law:

> A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. No. 6, Exh. 17.)

On January 26, 2006, the Supreme Court of Ohio accepted the appeal and, *sua sponte*, held the matter until decisions were reached in *State v. Quinones* and *State v. Foster*. (Doc. No. 6, Exh. 19.) Thereafter, on May 3, 2006, the Supreme Court of Ohio remanded the matter to the trial court for resentencing consistent with its finding in *State v. Foster*, 109 Ohio St. 3d 1, 2006-

Ohio-856, 845 N.E.2d 470 (Ohio 2006).[1] (Doc. No. 6, Exh. 20.)

**D.  Second Resentencing**

On June 16, 2006, a resentencing hearing was held. (Doc. No. 6, Exh. 25.) The trial court, yet again, sentenced Jones to the same term of incarceration and also noted that Jones remained a sexual predator as found at his previous sentencing hearings. *Id*.

On July 14, 2006, Jones, through new counsel, filed a Notice of Appeal from his second resentencing. (Doc. No. 6, Exh. 26.) He raised the following sole assignment of error:

> The trial court erred in sentencing the appellant to maximum terms of imprisonment and then imposing consecutive sentences without considering the appropriate sentencing factors.

(Doc. No. 6, Exh. 27.) Jones argued that, while the *Foster* decision excised the need for judicial fact-findings, trial courts were still required to "consider the factors" set forth in O.R.C. § 2929.12 and 2929.14(C) & (E) in their sentencing decisions. *Id*. His argument was based solely on state law. *Id*.

Although the state appellate court agreed that "post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions," it found that the trial court had considered the purposes and principles of sentencing under O.R.C. § 2929.11 and balanced the seriousness and recidivism factors under O.R.C. § 2929.12. *State v. Jones*, 2007-Ohio-239,

---

[1]  In *State v. Foster*, the Ohio Supreme Court severed O.R.C. §§ 2929.14(B) and (E)(4), allowing trial courts full discretion to impose a prison sentence within the statutory range and no longer requiring findings or reasons for imposing consecutive sentences or those beyond the statutory minimum. 109 Ohio St.3d at 31. The *Foster* court held that its ruling must be applied to all cases on direct review or not yet final. *Id*. However, the *Foster* court indicated that a sentencing court could still "consider" the general guidance sentencing statutes, O.R.C. §§ 2929.11 and 2929.12, as they do not require impermissible judicial fact-finding. *Id*. at 14.

2007 Ohio App. LEXIS 232 (Ohio Ct. App., Jan. 24, 2007).  Thus, the court found no abuse of discretion and overruled Jones's assignment of error.  *Id.* at ¶10.

On March 12, 2007, Jones, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 6, Exh. 30.)  Jones raised the following proposition of law: "Appellate counsel was ineffective for failing to raise on appeal the due process and *ex post facto* violations by the trial court in the imposition of appellant's sentence."  (Doc. No. 6, Exh. 31.)  On June 20, 2007, the appeal was dismissed as not involving any substantial constitutional question.  (Doc. No. 6, Exh. 32.)

**E.     Application to Reopen Appeal**

While his appeal from his first resentencing was pending before the Supreme Court of Ohio, Jones filed an application to reopen his appeal on December 15, 2005. (Doc. No. 6, Exh. 21.)  Jones alleged that his appellate counsel was ineffective for failing to raise the following argument:

> The judge erred and prejudiced the court and appellant in violation of due process and equal protection under the Sixth and Fourteenth amendment of the U.S. Constitution and Section 2, 10 and 16, article I of the Ohio Constitution when appellant was convicted and sentenced through a sham legal process that derives from an unlawful program.

*Id.*

On December 20, 2005, the state appellate court dismissed Jones's application to reopen his appeal as untimely filed.  (Doc. No. 6, Exh. 22.)  A subsequent motion for reconsideration was also denied as untimely.  (Doc. No. 6, Exhs. 23 & 24.)

Jones did not appeal the denial of his application to reopen to the Supreme Court of Ohio.

**F.    Federal Habeas Petition**

On June 19, 2008, Jones filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates the Defendant's rights to Due process and a jury trial under the fifth, sixth and fourteenth amendment to the United States Constitution.
>
> GROUND TWO: The trial court erred in finding appellant to be a sexual predator.

(Doc. No. 1.)

### III.  Exhaustion and Procedural Default

**A.    Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.    Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure

to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence

supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C.  Application to Jones**

Respondent asserts that ground one of Jones's petition is procedurally defaulted because he allegedly failed to raise the identical claim before the state appellate court after his last resentencing. (Doc. No. 6 at 11-12.)

In ground one, Jones asserts that his constitutional rights were violated when the trial court considered certain statutory factors in arriving at his sentence – factors that he did not admit and were not found by a jury. As this Court understands his argument, Jones believes that the sentencing court, while imposing his final sentence, improperly considered certain factors that run afoul of the Supreme Court's decision in *Blakely*. The Supreme Court in *Blakely* held

that a sentence must be imposed "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303.

This argument is quite different from the one he raised before the state appellate court *after* his second resentencing. In fact, his argument before that court can be characterized as the polar opposite of the one he now raises. There, Jones argued that the trial court was required to consider certain statutory sentencing factors left intact by the *Foster* decision, but failed to do so, thereby violating state law. (Doc. No. 6, Exh. 27.) Specifically, Jones argued that the sentencing court should have considered the general guidance sentencing statutes and O.R.C. § 2929.14.

Now, Jones argues that these same sentencing factors should not have been considered and that doing so resulted in a constitutional violation. This argument was never raised in his direct appeal from his last resentencing. It is well established that "[i]f the petitioner failed to exhaust state remedies and the [state] court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[, then] there is a procedural default for purposes of federal habeas [review] regardless of the decision of the last state court to which the petitioner actually presented his claims." *Fields v. Bagley*, 275 F.3d 478, 482 n. 1 (6th Cir. 2001), *quoting Coleman*, 501 U.S. at 722. In his Traverse, Jones attempts to further expand ground one by arguing that the *Foster* decision was tantamount to an *ex post facto* law and that it does not permit appellate review of sentences for reasonableness. (Doc. No. 7.) These issues were never raised on direct appeal before the state

-11-

appellate court.[3] Because Jones could have raised these claims on direct appeal, he would be barred from raising them in an application for post-conviction relief. Ohio courts have found that the doctrine of *res judicata* "bars a convicted defendant, who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant ... on an appeal from that judgment." *State v. Benton*, 27 Ohio St. 2d 87, 90-91 (Ohio 1971); *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994). The doctrine of *res judicata* also applies to constitutional claims that could have been raised in a direct appeal. *See Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). As such, ground one of the petition should be dismissed as procedurally defaulted unless there are sufficient grounds to excuse the default.

Jones argues that his procedural default should be excused due to appellate counsel's alleged ineffectiveness. (Doc. No. 7.) His argument is unavailing. "'[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (*quoting Carrier*, 477 U.S. at 489). Jones failed to raise an ineffective assistance of counsel claim before the state courts in its proper procedural context. Though Jones raised an ineffective assistance of counsel claim, for the first time, before the Supreme Court of Ohio, he failed to seek to perfect his appeal pursuant to Ohio Appellate Rule 26(b), which governs claims of ineffective assistance of appellate counsel. "[S]tate prisoners must give the state courts one

---

[3] Before the Ohio Supreme Court, Jones did raise an ineffective assistance of appellate counsel claim, arguing that appellate counsel should have raised both a due process claim and an *ex post facto* claim. (Doc. No. 6, Exh. 31.) However, these claims were not raised separately and distinctly, apart from the ineffective assistance of counsel claim.

full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court. *See State v. Jester*, 32 Ohio St. 3d. 147, 154, 512 N.E. 2d 962, 966 (Ohio 1987). Failure to raise a claim on direct appeal triggers Ohio's *res judicata* rule, which is an independent and adequate state procedural bar. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). Therefore, as Jones's ineffective assistance of appellate counsel claim is itself defaulted, it cannot be used to excuse the default on his underlying claims.

Finally, since Jones has not raised an actual innocence claim, his default cannot be excused on that basis. As such, ground one of the petition should be dismissed as procedurally defaulted.

### IV.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Ground Two: Sexual Predator Classification**

In ground two of his petition, Jones asserts that the trial court erred by classifying him as a sexual predator. Neither Jones's petition nor his traverse contains any argument explaining how his classification as a sexual predator was erroneous. (Doc. Nos. 1 & 7.)

To the extent Jones believes his classification as a sexual predator was improper under Ohio law, such a claim is not cognizable in federal habeas review. A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Assuming *arguendo* that Jones properly argued that his classification as a sexual predator violated clearly established federal law, his claim still must fail. The Sixth Circuit has held that a prisoner challenging the application of Ohio's sexual predator law, even a prisoner who is currently incarcerated, fails to satisfy the "in custody" requirement necessary to obtain habeas relief. *See Leslie v. Randle*, 296 F.3d 518, 520-22 (6th Cir. 2002) (reasoning that Ohio's sexual-predator statute places no constraints on a person's movement or ability to engage in legal activities); *accord Cox v. Brunsman*, 2008 U.S. Dist. LEXIS 78799 (S.D. Ohio Sept. 5, 2008); *see also Thomas v. Morgan*, 109 F. Supp. 2d 763, 767 (N.D. Ohio 2000) ("[T]he classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the 'in custody' requirement of federal habeas corpus.") Therefore, Jones's second ground for relief should be dismissed.

## V. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Jones's Petition be DENIED.

s/ Greg White<br>
U.S. MAGISTRATE JUDGE

Date: May 20, 2009

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).** ***See also Thomas v. Arn*, 474 U.S. 140 (1985),** ***reh'g denied*, 474 U.S. 1111 (1986).**